JOHN R. JACKSON, TRUSTEE, vs. SAMUEL HUBBARD.

Under the statute (Gen. Statutes, tit. 1, sec. 327,) a trustee can maintain replevin where the trust property has been attached in a suit against him as an individual and as his individual property. He is, *quoad* the property, a person "other than the defendant" in the original suit, within the true intent and spirit of the statute.

The provisions of the statute of 1849, (embodied in Gen. Statutes, p. 303, sec. 19,) relating to the reinvestments of the property of married women, apply only to the reinvestments of personal estate.

Full and complete protection to married women in their rights of property against creditors of the husband, is now the established policy and settled law of the state.

A summary of the course of legislation on the subject.

Crops of hay and grain raised by the wife of *A* upon land conveyed to her in 1864, in exchange for other lands purchased by her in 1863, and which were paid for in part with money belonging to her at her marriage with *A* in 1860, and in part with money inherited by her after her marriage, were attached in a suit against *A* as his individual property. At the time of the attachment the crops were stored in the barn, and the officer placed them in the custody of a keeper, left a copy of the writ at the town clerk's office, (but not within twenty-four hours after the attachment, as required by the statute,) but did not move the property, or post a notice of the attachment on the door of the barn. In replevin by *A* as trustee for his wife, Held 1. That the crops were the property of *A* as trustee. 2. That he could maintain the action as trustee, and without joining his wife. 3. That the plaintiff's right of action vested *eo instanti* the officer levied upon the property and took the custody and possession and was not divested by any errors in the subsequent proceedings.

REPLEVIN for property attached, brought to the Superior Court in Hartford County, and tried on the general issue, closed to the court, before *Pardee, J.* The plaintiff sued as trustee for Louisa B. Jackson, his wife. They were married in 1860. The property replevied consisted of hay, grain and tobacco raised by the wife, at her expense, on land in the town of Cromwell, which was conveyed to her in 1864 in exchange for land in Hartford purchased by her in 1863, and paid for in part with money belonging to her at her marriage, and in part with money inherited by her afterwards. At the time of the exchange the land in Cromwell was subject to a

mortgage for three thousand dollars, which the plaintiff and his wife agreed to assume as part of the consideration of the purchase, and which the wife in 1865 paid from her own estate. The property replevied had been attached on the 10th day of October, 1864, at 10 o'clock, A. M., in a suit against John R. Jackson and James Jackson, as their property, it being then situated in barns and sheds on the land in Cromwell. The officer who served the writ left a copy of it at the town clerk's office in Cromwell on the 11th day of October, 1864, at 4 o'clock, P. M., (not within the twenty-four hours required by the statute,) and placed the property in the keeping of a servant of Louisa B. Jackson on the land. But the officer did not post any notice of the attachment on the outer door of the building in which the property was situated, nor did he move the property, or take it into his personal possession. While under this attachment the property was replevied in this suit, it being described in the writ as the property of Louisa B. Jackson, held by the plaintiff as her trustee.

Upon these facts the court rendered judgment for the plaintiff, and the defendant moved for a new trial.

*T. C. Perkins* and *Goodman*, in support of the motion.

1. This action cannot be maintained by the plaintiff. He is not a " person other than the defendant " in the suit in which the property was attached. Gen. Statutes, p. 75, sec. 327. Our courts have never extended this action beyond the express words of the statute. *Brown* v. *Chicopee Falls Co.*, 16 Conn., 87.

2. Replevin can be maintained only where a trespass has been committed. This is so at common law. *Dame* v. *Dame*, 43 N. Hamp., 37 ; *Harwood* v. *Smethurst*, 29 N. Jersey, 195. In this case there was no removal of the property, nor any act done by the defendant or officer for which an action of trespass would lie.

3. To sustain the action of replevin the property must have been attached. It was necessary at common law to make an attachment valid, that the officer should take the

property attached into his possession, and remove it from the possession of the- defendant. *Barrows* ·. *Stoddard*, 3 Conn., 160 ; *Hollister* v. *Goodale*, 8 id., 332. The removal and taking possession of the property has by statute been dispensed with in certain cases. In those cases the officer must lodge in the office of the town clerk of the town in which the property is situated, a copy of the writ within twenty-four hours after the attachment is made, and when the levy is upon hay or unthreshed grain he must post a notice of the levy on the outer door of the building in which the property is situated. Gen. Statutes, p. 7, sec. 26. The statute must be strictly complied with. *Hall* v. *Hall*, 24 Conn., 358 ; *Meriden Britannia Co.* v. *Whedon,* 31 id., 118.

4. The property sought to to be replevied must be proved to be the property of the plaintiff in replevin. *Meriden Britannia Co.* v. *Whedon,* supra. It is alleged in this writ that the property is the property of Louisa B. Jackson. She ought therefore to have joined with her husband in the suit.

5. John R. Jackson had an interest in the crops both by virtue of his assumption of the mortgage on the land on·which they were raised, and his common law right to the use of the land of his wife during coverture. This interest of the husband is not abridged by the statute, but only exempted from being taken on execution during the life of the wife. Gen. Statutes, p. 302., sec. 11 ; *Hawley* v. *Burgess*, 22 Conn., 284 ; *Edwards* v. *Sheridan*, 24 id., 165.

6. This land having been acquired by the wife by purchase previous to 1866, the interest of the husband was liable to be taken on execution for his debts. Comp. of 1854, p. 375 ; *Plumb* v. *Sawyer*, 21 Conn., 351.

7. If the husband is entitled to the use of the land he has an interest in the crops raised upon it which is liable to attachment unless exempt by statute. *Bruce* v. *Thompson*, 26 Verm., 741 ; *Gage* v. *Dauchy*, 28 Barb., 622; *Rider* v. *Hulse*, 33 id., 264 ; *Lovett* v. *Robinson*, 7 How. Prac. R., 105 ; *Glann* v. *Younglove*, 27 Barb., 480 ; *Johnson* v. *Chissom*, 14 Ind.,415 ; *Woodbeck* v. *Havens*, 42 Barb., 66. The exemption

of the interest of the husband in the land does not extend to his interest in the crops, nor does the case fall within the statutes either of 1849, 1855, 1856, or 1857.

8. The land was purchased with the wife's personal property and at common law would belong to the husband. If it is designed to vest the wife's property in the husband as trustee under the statute, it must be invested in his name *as trustee*, otherwise it becomes absolutely his.

*Hyde* and *H. C. Robinson*, contra, cited Gen. Statutes, p. 303, sec. 19; *White* v. *Hildreth*, 32 Verm., 265; *Webster* v. *Hildreth*, 33 id., 457; *Hutchins* v. *Colby*, 43 N. Hamp., 159; *Van Ellen* v. *Carrier*, 29 Barb., 644; *Underhill* v. *Morgan*, 33 Conn., 105; *Jennings* v. *Davis*, 31 id., 134; *Smith* v. *Chapell*, id., 589; *Whiting* v. *Beckwith*, id., 596; *Goss* v. *Cahill*, 42 Barb., 310; 1 Hilliard on Torts, p. 89, and cases cited; *Connah* v. *Hale*, 23 Wend., 462; *Neff* v. *Thompson*, 8 Barb., 213; *Miller* v. *Baker*, 1 Met., 27; *Goodsell* v. *Wheeler*, 34 Conn., 485.

BUTLER, J. The first question presented upon this record is, whether a trustee can maintain the action of replevin where the trust property is attached in a suit against him as an individual and as his individual property. We see no objection to the maintainance of such a suit; conceding that under our statute he could not maintain it in his individual capacity, we think he could maintain it in his capacity as trustee. The law distinguishes between the capacities, and makes him, as it would an executor, *quoad* the property, a person " other than the defendant " in the original suit, within the true intent and spirit of the statute.

2. The second point made is that the suit could not be maintained by the plaintiff because the attachment was imperfect. To this there is a perfect answer. The court has found that the defendant *attached*, as the property of the said John R. and James Jackson, *the property in question*, left a copy of the writ at the town clerk's office with his return thereon, describing the property as attached, *and placed the*

*property in the custody of a keeper;* and the only defect in the proceedings relied upon consisted in the fact that the officer did not leave the copy of the writ in the office of the town clerk within twenty-four hours after the attachment. But all was done by the officer which it was essential for him to do to acquire and change the custody and possession of the property, and we are of opinion that the plaintiff was entitled to his action "*eo instanti*" that the officer levied upon it and took such custody and possession. The plaintiff was not bound to wait until the attachment was completed in all its details, nor precluded from bringing his action by an error in those details. That error did not restore the possession, and the plaintiff was entitled to his action to regain the possession and custody of his property of which he was deprived; and his right to the action was perfect when the officer of the law, under a process of law, transferred the custody from him to the law.

Under this point the defendant further claims that the husband, if trustee, could not maintain this action without joining the wife. But it was holden otherwise in *Smith* v. *Chapell*, 31 Conn., 589, and we are not disposed to overrule that case.

3. The third claim made by the defendant is that the crops in question were not the property of the plaintiff *as trustee*.

Under the first subdivision of the point he claims that, although the crops were raised on the farm of his wife, he had united with her in a promise to pay a mortgage on the farm and therefore had an interest in the land and crops. The claim is without foundation. There was an agreement to assume, but no actual perfected assumption or transfer of the mortgage lien. If the husband had paid or purchased the mortgage with his own money, he would have had an equitable interest or lien upon the land and a right of possession under it. But the mere agreement to assume could not give him any interest or right of possession that would vest the crops in him. And the court has found that the lien was actually paid to the

mortgagee by the wife with her own funds, and prior to the time when the crops in question were raised.

The defendant under this point further claims, that on the facts found the plaintiff, as an individual, was entitled to the use of the land, and therefore that the crops were his individually, and liable to attachment for his debts ; and that on the trial he prayed the court so to decide, but the court did not so decide. In that we perceive no error. The facts as found are that the crops grew on land which was purchased and paid for by money which in part belonged to the wife at the time of her marriage and in part accrued to her afterward by inheritance. With the money so received she purchased real estate in Hartford, and afterward exchanged that real estate for the farm upon which the crops in question grew. And it is further found that the crops were raised by her, and at her expense. These facts were not sufficient to justify the claim made, or authorize the decision prayed for.

Full and complete protection to married women in their rights of property against creditors of the husband, is now the established policy and settled law of the state. That result was attained gradually and with difficulty owing to an unwillingness to change the settled rules respecting the rights of the husband at common law :

The first act was passed in 1845, and protected the interest of the husband in the real estate of the wife which was hers at the time of the marriage, or accrued to her, by devise or inheritance, during coverture. The second, in 1849, protected the personal estate which should thereafter accrue to her during coverture by bequest or distribution, by vesting it in him as trustee for her. The third, in 1850, protected real estate conveyed to her during coverture in consideration of money or property acquired by her personal services during coverture, or while abandoned by her husband. The fourth, also in 1850, protected reinvestments of the avails of her real estate when sold. The fifth, in 1853, vested in her, for her sole use, all her property real and personal, when abandoned. A sixth, in 1855, extended the provisions

of the act of 1849 to personal property owned by her at the time of her marriage. A seventh, in 1856, extended the provisions of the act of 1849 to patent rights, copyrights, pensions and grants and allowances by government. Another, in 1857, extended the provisions of the act of 1849 to property acquired during coverture by gift. Another, in 1860, extended the act of 1850 respecting property acquired by her personal services, to reinvestments of the same. And so the law stood when the transaction in question took place, and until 1865, when the provisions of the act of 1845 were extended to real estate acquired during coverture by gift or purchase, and in 1866, when those of 1849 were extended and applied to all her personal property, whether acquired before or after marriage, and the policy was fully carried out and completed.

Now, conceding that the rights of these parties respecting the property in question were fixed, and must be determined by the law as it stood in 1864, we are satisfied that the crops in question vested in the husband as trustee.

It appears from the finding of facts that a part of the money paid by the wife for the Hartford property accrued by inheritance during coverture and vested in the husband in trust by force of the act of 1849; and the balance was personal property which belonged to her at the time of the marriage and also vested in him in trust, in like manner, by force of the act of 1855. The Hartford property then was purchased entirely with money of the wife, held in trust under the provisions of the act of 1849. That property was exchanged for and invested in the Cromwell farm. There was a mortgage on that farm, which was subsequently discharged by moneys belonging to the wife, but when and how obtained, and what the interest of the husband was in them, does not appear upon the motion, and that fact cannot be taken into consideration to affect the enquiry.

We have then a case where real estate has been purchased in the name of the wife with funds held by the husband in trust for the wife under the law of 1849, and that exchanged for other real estate; and the question is whether the crops

taken from the latter in 1864, vested in the husband in trust for the wife. It is apparent that the claim of the defendant that they did not, involves the proposition that the investment, by the husband, of moneys belonging to the wife, and held by him in trust, in real estate, in her name, extinguishes the trust; and that he takes an unincumbered life estate in the land, subject to alienation by him, and attachment by his creditors. We cannot yield our assent to such a claim. It is not in conformity with the principles of equity which relate to trusts; or the policy of our statutes and legislation; and would open a door by which the husband could divert the property of the trust for the wife and her heirs, after his decease, and appropriate a transferable life estate to himself. As to his life estate we think the trust should be holden to have continued.

4. It is claimed in the fourth place that the interest of the husband in the Cromwell farm was not protected because the investment under the statute of 1849 should have been in his name as trustee. But we are of opinion that the provision so relied upon had relation to reinvestments of personal estate only.

For these reasons the motion for a new trial should be denied.

In this opinion the other judges concurred.