ISAAC SANFORD, TRUSTEE, *vs.* HENRY P. ATWOOD AND ANOTHER.

*A* and *B* were married in 1861. By a parol agreement made just before the marriage the wife was to retain the control of her property and be entitled to its use and proceeds. She had about $5,000, with which in 1864 she purchased a farm, taking the deed to herself, and procured stock for it. The husband carried on business elsewhere and had nothing to do with the management of the farm until 1867, when, having failed in business, he came to the farm to live. The wife after this carried on the farm as before, except that he worked upon it when able, being in feeble health, and took special oversight of the out-door work. A horse that was foaled by a mare originally bought by the wife, was in 1874 attached by a creditor of the husband as his property. In trespass against the attaching creditor, brought by the husband as trustee for his wife, it was held—

1.  That evidence of the parol ante-nuptial agreement, even though inoperative in itself under the statute of frauds, was admissible, as tending to prove that the husband, by his subsequent conduct in allowing his wife to have the sole control of the property, intended to relinquish all claim that he might otherwise have had upon it.

2.  That the stock on the farm belonging to the wife, its increase was her property.

3.  That it did not affect the case that the debt for which the horse was attached was for provender fed out upon the farm and flour consumed in the family, since the husband, to whom the credit was given, had no interest in the property.

4.  That the court could not presume that there was anything in the arrangement that was fraudulent against the husband's creditors, by reason of his earnings going into the products of the farm, as it did not appear that, in the circumstances, his services were worth more than his support.

Whether the legal title to the property vested in the husband in trust for the wife: *Quære.*

REPLEVIN for a horse attached as the property of the plaintiff in his individual capacity; brought by the plaintiff as trustee for his wife; reserved, by the Superior Court, on facts found by a committee, for the advice of this court. The case is sufficiently stated in the opinion.

*W. Cothren,* for the plaintiff.

*G. L. Fields* and *H. I. Boughton,* for the defendant.

CARPENTER, J. The plaintiff claims title to the property in question as trustee for his wife. It was attached as his property in a suit against him. The plaintiff replevied it; and the question is, whether he owned the property as trustee or in his own right.

The plaintiff was married in 1861. His wife had about $5,000 in money, and shortly before marriage it was verbally agreed that she should after marriage retain the management and control of her property and be entitled to its use and proceeds. In 1864 she bought with this money a farm, taking the deed to herself in the common form, and not as her sole and separate estate. She also paid for the stock on the farm and carried it on, her husband having nothing to do with it until 1867. About that time he failed in business and came to the farm, and from that time forward he and his wife lived

together on it.    She carried on the farm as before, except that her husband, who has been in feeble health, has worked some on it and has taken the principal oversight of the out-door work.

The horse in question was raised and used on the farm, and was the offspring of a mare owned by the wife.

All evidence of the parol agreement made before marriage was objected to on the ground that the agreement was void by the statute of frauds, because not in writing.    It is not necessary for us to decide this point, as we are clear that, however this may be, evidence of the agreement was admissible as tending to prove that the husband, by his subsequent conduct in allowing his wife to have the sole control and management of the property in the manner described, intended thereby to relinquish all claim which he might otherwise have had to her property.

We think that the horse in suit must be regarded upon the facts stated as the property of the wife.    It seems that Mrs. Sanford carried on the farm at her own expense, and that her husband, pursuant to a parol agreement, actually relinquished to her all his interest in the property.    That being so, the products of the farm, including the increase of the stock, belonged to the wife.    *Jackson* v. *Hubbard*, 36 Conn., 10. There may be a question whether the property, being hers, vested in her husband as trustee of the legal title for her. He has sued as her trustee, and no question is now made by the counsel for the defendant, but that if he did not hold the property in his own right he held it as trustee for her.    We therefore do not consider this question.

It is claimed however that the debt due from Isaac Sanford to the defendants was for feed and provender fed out on the farm, and for flour, meal, &c., consumed in the family, and that this property is liable for such a debt.    This argument assumes that the horse was income or profits of the wife's estate which vested in the husband as his own property, and therefore liable for debts contracted for the support of his wife and her children.    This assumption, as we have just seen, is not well founded.    The statute therefore, which by implication

makes the income of the wife's property belonging to the husband liable for his debts in certain cases, has no application. We can conceive of no case in which that statute can be so extended as to make her property liable for his debts.

It is further claimed that, inasmuch as the husband's services were given to some extent to the cultivation of the farm, the law regards the transaction as fraudulent as against creditors and subjects this property to the payment of his debts. *Hinman* v. *Parkis*, 33 Conn., 199, and *Plumb* v. *Ives*, 39 Conn., 120, are cited in support of this claim. This case differs materially from the cases cited. To what extent his earnings went into the products of the farm does not appear. It is possible that they amounted to a considerable sum after supporting himself, but that fact does not appear, and we cannot presume it, especially as it is expressly stated that he was in feeble health.

We discover no sufficient reason for adjudging the transaction fraudulent.

We advise judgment for the plaintiff.

In this opinion the other judges concurred.