DAVID WISER *vs.* WALTER R. CLINTON ET ALS.

Third Judicial District, Bridgeport, April Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and CURTIS, Js.

The only substantial result of a transaction in which a grantee of land immediately mortgages it back to the grantor for the full purchase price, is to vest in the buyer the equity of redemption in the premises.

In the present case *C,* an incompetent person under a conservator, purchased and took a deed of land from a grantor who had no knowledge of *C's* incompetency, and at once mortgaged it back to the grantor to secure the purchase price. After the termination of the conservatorship, *C* mortgaged the property to others who knew of the first mortgage, and they contended, upon a suit to foreclose the first mortgage, that while the deed to *C* was valid his mortgage back was void. *Held* that a court of equity, in order to avoid such an injustice to the grantor, as well as to effectuate the obvious intent of the parties, would treat the original deed, note, and mortgage back, as one single act which must stand or fall as a whole; that the legal effect of the transaction when so

considered was to give to *C* a title to the property subject to his mortgage for the purchase price; and that that mortgage therefore took precedence over those subsequently given and might be foreclosed by a bona fide assignee of the grantor.

Argued April 13th—decided May 25th, 1909.

ACTION to foreclose two mortgages of real estate, brought to the Superior Court in New Haven County where demurrers to the second count of the complaint were overruled (*Roraback, J.*) and the cause was afterward tried to the court, *Robinson, J.;* facts found and judgment rendered for the plaintiff, from which the defendant Foster appealed. *No error.*

The plaintiff seeks the foreclosure of two mortgages, which he holds by assignment from the mortgagees. His right to have a judgment of foreclosure as to one of $700 which stands first upon record is not disputed. It is claimed that the other, being for $1,370 and the second incumbrance of record, is void.

In March, 1905, the defendant Clinton purchased of the Morgan & Humiston Company the tract of land sought to be foreclosed, subject to the $700 mortgage then upon it, and conveyance was made to him by the Company. In payment therefor Clinton was to, and did, execute and deliver to the Company his note for $1,370, the purchase price, and his mortgage, promptly recorded, of the premises conveyed to him to secure the note. January 7th, 1907, this note and mortgage were assigned to the plaintiff, who is now the bona fide owner and holder of them. This is the second mortgage which it is now sought to foreclose.

In 1898 Clinton had some mental trouble, and was committed to an asylum. A conservator was also appointed over him. In 1899 he was discharged from the asylum as cured, and resumed the conduct of his affairs. He was at this time and ever since has been of sound mind, and entirely competent to transact his business. The conservator

has since said discharge given no attention to and exercised no control or supervision over him or his estate. No proceedings for the removal of the conservator were had until August, 1906, when the conservatorship was terminated, and Clinton formally restored to his capacity. On the same day, but following these court proceedings, Clinton gave to each of two of the defendants a mortgage upon the premises to secure indebtedness to them for money borrowed while he was under the conservator, and for the expense incurred in the proceedings for the removal of the conservator, which were had at their instance. Neither the Morgan & Humiston Company when it dealt with Clinton, nor the plaintiff when he purchased the note and mortgage, knew that a conservator had been appointed over Clinton, and the transaction between the Company and Clinton was a fair and just one, and in the interest of the latter, who desired the premises for the purposes of his business, for which he has ever since and now is using them. Each of said subsequent mortgagees knew of the existence of the mortgage to the Morgan & Humiston Company when their mortgages were taken. Clinton paid the interest on the note secured by the Morgan & Humiston mortgage semiannually as it accrued until September 9th, 1906, when the last payment was made. The principal remains unpaid.

The defendants are Clinton and the two mortgagees referred to. One of the latter appeared to defend. The judgment is in the ordinary form of a foreclosure judgment, Clinton and the two mortgagees being given a time to redeem upon the payment of the amount found due upon the two notes held by the plaintiff, and costs.

*E. P. Arvine*, with whom was *Albert D. Penney*, for the appellant (defendant Foster).

*Talcott H. Russell*, with whom was *George S. McLaren*, for the appellee (plaintiff).

PRENTICE, J.   Much of the argument before us was addressed to the question of the legal status of a contract or conveyance made by a person who had been placed under a conservatorship which had never been judicially terminated, although he had been fully restored to mental capacity and had for a long time transacted business freely and without the interference of the conservator. It is unnecessary to discuss this question or those incidental to it.   For the purposes of this case it may be conceded, without deciding, that the unrevoked appointment of a conservator furnishes conclusive evidence of the incapacity of the ward, so that his contracts and conveyances will be regarded as wholly void.   See *Griswold* v. *Butler*, 3 Conn. 227.   One under a conservator can receive title even if he cannot give one.   The facts show an agreement between the Morgan & Humiston Company, acting in ignorance of any legal incapacity of the other party, and fairly, and one Clinton, who, under the assumption, was an incompetent, for the purchase by the latter from the former of the tract of land now sought to be foreclosed, subject to the mortgage then upon it.   The sole consideration to be given by Clinton was his note for the purchase price and his mortgage back of the land to secure the note. The agreement was executed in form.   Clinton received a deed of the land subject to the existing mortgage, and the Company simultaneously received in return Clinton's note and mortgage of the same property.   The attempt now made by one of the defendants is to have effect given to the deed of conveyance, and to have that which was given in consideration declared a nullity.   This attempt overlooks the fact that this is an equitable action, and that familiar equitable principles are at hand to prevent so palpable an injustice.

The transaction in question appears in three writings, to wit: a deed, a note, and a mortgage.   They, however, were all given simultaneously to accomplish a single end,

and as a part of a single transaction. It is possible to analyze it, and to see in it several successive steps by which it was attempted to reach the desired result. By this process it is possible to separate it into what appears to be independent parts. But their interrelation nevertheless remains, and a court of equity, in the furtherance of justice, will look through the form which was given to that which was done, to discover what its substance was. It will, in so far as need be, have regard for its real rather than its formal character. When the situation here presented is thus examined, it appears that although several papers were passed they were designed to together accomplish a single result, to wit, to convey to Clinton the equity of redemption in the premises, subject to the already existing mortgage, and an additional mortgage to the Company of $1,370. This was the intended legal operation of the deed and mortgage, and equity will look upon them as constituting a single act to that end, which must stand or fall in its entirety. And the plaintiff, as the assignee of the note and mortgage, will be regarded as standing in the shoes of the Company, his assignor. *Hubbard* v. *Cummings*, 1 Greenleaf (Me.) 11, 13; *Van Horne* v. *Crain*, 1 Paige Ch. (N. Y.) 455, 458; *Holbrook* v. *Finney*, 4 Mass. 566, 569.

By this course the rights of both parties to the transaction will be fully protected. The grantor will be saved from being stripped of his property for nothing, and the incompetent will, at the same time, be given all the benefit that might accrue to him from the attempted transaction. If the equity of redemption had value he gets it for nothing, and that is all that could be equitably claimed for him.

This view of the situation removes all difficulties in the way of the prosecution of the action as an ordinary one of foreclosure. The title as equity owner is in Clinton. The plaintiff, as the assignee of the two mortgages and owner of the notes secured thereby, is entitled to foreclose upon them, and Clinton is entitled to protect his interest

by redemption. Any interest of the other defendants is subordinate to the plaintiff's. The judgment appealed from properly recognized this situation, and was correctly rendered.

Our conclusions render it unnecessary to consider other alternative questions presented by the record.

There is no error.

In this opinion the other judges concurred.