ETTA JOSEPH *vs.* WALTER A. DONOVAN ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 6th, 1932—decided January 31st, 1933.

*Charles A. Harrison,* with whom, on the brief, was *Milton G. Harrison,* for the appellant-appellee (plaintiff).

*Robert J. Woodruff* and *Daniel D. Morgan,* for the appellants-appellees (defendants).

Avery, J.  This case was before this court in a previous term on appeal by the plaintiff from a judgment of nonsuit; *Joseph* v. *Donovan,* 114 Conn. 79, 157 Atl. 638; and it is not necessary to repeat in full

the facts there stated. We allude only to such as are necessary for the purpose of the present discussion.

December 28th, 1927, the defendant Walter A. Donovan and his wife, Effie Z. Donovan, were in possession of certain premises in New Haven, owned by Abraham Lander, by virtue of a lease from him with certain privileges, the details of which it is unnecessary to set forth. On that date, they entered into an agreement with Lander for the purchase of his equity in the property, which was already encumbered by two prior mortgages. At that time, Donovan paid $500 as part of the purchase price, which sum was furnished him by Robert J. Woodruff, and subsequently paid back to the latter by the defendants Watson S. Woodruff, Peck and Sanderson. Subsequently, on January 10th, 1928, Abraham Gingold brought an action against the Donovans and attached their interest in the Lander property. This attachment was reduced to judgment on October 30th, 1929, in the amount of $4834.24; and, on November 12th, 1929, a judgment lien for that amount was filed against the attached property. On the same day, Gingold assigned his interest in the judgment to the plaintiff, Etta Joseph. January 16th, 1928, Mrs. Donovan relinquished her interest in the property to her husband; and, on that day, the property was conveyed by Lander to him. At that time, Donovan was indebted to The West Haven Bank & Trust Company in the amount of $3831.36, and to Robert L. Woodruff, for legal services, $2180. The balance of the purchase price due on the property was $12,247.50. The defendants Woodruff, Peck and Sanderson, who were also officers of The West Haven Bank & Trust Company, with knowledge of Donovan's interest in the property and of the attachment by Gingold, the plaintiff's assignor, paid to Lander for Donovan the balance of the purchase price of the prop-

erty, and also paid his indebtedness to The West Haven Bank & Trust Company and to Robert J. Woodruff. To secure Watson S. Woodruff, Peck and Sanderson, for the payments made for him, Donovan executed a note to them for $18,793.75, secured by a third mortgage on the property. The payments for Donovan, the delivery of the deed of purchase by Lander, and the delivery of the mortgage deed and note were all part and parcel of one transaction, and were consummated at the same time. Donovan also executed a deed to a right of way over the premises to The West Haven Bank & Trust Company; the reason for this conveyance did not appear. He also conveyed the property to Woodruff, Peck and Sanderson by warranty deed providing against a merger of interest with their mortgage. In addition, an agreement was entered into by him with them which provided that they were to hold and manage the property in trust for him, and also provided for a lease of a theater on the premises to him, or to such person as he should designate. Subsequently, Donovan occupied this theater as lessee of Woodruff, Peck and Sanderson, trustees. The agreement between Donovan and Woodruff, Peck and Sanderson, further provided that the premises might be conveyed to the defendant Keller to be held by him under the same terms and conditions. On January 28th, 1928, they executed a quitclaim deed of the premises to Keller, reserving their rights under their third mortgage. On the same day, Keller executed a quitclaim deed of the premises back to them. On December 21st, 1928, Woodruff, Peck and Sanderson secured a judgment in an action brought by them to foreclose their mortgage; and, on December 28th, 1928, a certificate of foreclosure reciting that the title to the premises had become absolute in them was recorded in the land records. Neither the plaintiff nor

her assignor, Gingold, were made parties in this foreclosure suit.

On the previous occasion when this case was before us, we held that the plaintiff had a valid judgment lien which attached to the interest of Donovan in the premises at the time the attachment was made, and which was enforcible to the extent of the interest he had after he had acquired title from Lander. *Joseph* v. *Donovan, supra,* 84. The question involved in plaintiff's appeal is whether the trial court erred in giving priority to the third mortgage of Woodruff, Peck and Sanderson made subsequent to the attachment of Donovan's interest in the property by the plaintiff's assignor, the moneys having been advanced and the mortgage taken with knowledge on their part of Donovan's interest and the existence of the attachment. The theory upon which the trial court acted in rendering judgment for these defendants was that the mortgage in question was a purchase-money mortgage, and entitled to priority over a previous attachment of Donovan's interest. "Where a purchaser receiving a deed to land, simultaneously conveys it to another as security for a loan used in discharging the purchase-price, and the two conveyances are part of the same transaction, the title passes through the borrower unaffected by the lien of a judgment against the borrower, which would have attached had the title remained in him." 1 Jones, Mortgages (8th Ed.) § 584, p. 796; *Wiser* v. *Clinton,* 82 Conn. 148, 152, 72 Atl. 928. "A purchase-money mortgage may be made to a third person who advances the purchase-money at the time the purchaser receives his conveyance, and such mortgage is entitled to the same preference over a prior judgment as it would have had if it had been executed to the vendor himself." 1 Jones, Mortgages (8th Ed.) § 586; *Middle-*

*town Savings Bank* v. *Fellowes,* 42 Conn. 36, 49; *Clark* v. *Munroe,* 14 Mass. 350, 351; *Weinstein* v. *Montowese Brick Co.,* 91 Conn. 165, 167, 99 Atl. 488; *Hillhouse* v. *Pratt,* 74 Conn. 113, 118, 49 Atl. 905; *Seipold* v. *Gibbud,* 110 Conn. 392, 396, 148 Atl. 328. The principle of a purchase-money mortgage is to protect a seller who takes a mortgage simultaneously with the sale of land to secure the purchase price, or to protect a third party who advances the amount necessary to pay the purchase price or the balance thereof. In the present instance, one note and one mortgage was given in the single amount of $18,793.75. This included and was intended to secure not only the balance of the purchase price of the property paid to Lander by Woodruff, Peck and Sanderson for Donovan, but also Donovan's debts to the bank and to Robert J. Woodruff. The payment of the debts owed by Donovan to the bank and to Robert J. Woodruff could not, under any definition, be held to be payments of the purchase price of the Lander property, and the payments were made by Woodruff, Peck and Sanderson with knowledge of the attachment of Donovan's interest. To give to their mortgage the priority of one for purchase-money, would effect a preference of Donovan's debts to the bank and to Robert J. Woodruff over the attachment, and amount to a fraud upon the plaintiff's rights. The term "purchase money" does not include money borrowed for any other purpose than to complete a purchase. *Heuisler* v. *Nickum,* 38 Md. 270, 279. "All persons understand the term 'purchase money' to mean the price agreed to be paid for the land, or the debt created by the purchase. It is not understood to mean a debt due another person than the vendor." *Eyster* v. *Hatheway,* 50 Ill. 521, 525. "The money must have been loaned with the express purpose and intention that it must be used for paying

the purchase price." *Ely Savings Bank* v. *Graham,* 201 Iowa, 840, 844, 208 N.W. 312, 314; *Ladd & Tilton Bank* v. *Mitchell,* 93 Ore. 668, 675, 184 Pac. 282, 284. It follows that the trial court erred in ruling that the plaintiff's lien was not superior to the mortgage of the defendants Woodruff, Peck and Sanderson.

In regard to the defendants' appeal, Watson S. Woodruff having died during the pendency of the action, Henrietta Woodruff and M. Grant Blakeslee, as executors, were substituted as defendants in his place, and judgment was entered against them, Peck and Sanderson, as trustees for Donovan. This judgment was erroneous. These defendants were named in the writ in their individual capacities, and not as trustees. If it is desired to obtain judgment against them as trustees, it is necessary that they be made parties in that capacity. In a suit brought against a person in his individual capacity, judgment cannot be entered against him as trustee. *Donalds* v. *Plum,* 8 Conn. 447; *Jackson* v. *Hubbard,* 36 Conn. 10, 13.

The defendant Walter A. Donovan was made a party to the foreclosure suit brought by Woodruff, Peck and Sanderson to foreclose their third mortgage. As his rights were cut off by the judgment in that suit, he was not entitled to a law day in this case.

There is error on the plaintiff's appeal, and on the appeal of the defendants, Woodruff and Blakeslee, executors, Sanderson and Peck, as trustees; and the cause is remanded to the Superior Court for further proceedings according to law.

In this opinion the other judges concurred.