LEO LEONARD, JR. *v.* EARL G. BAILWITZ ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued October 5—decided December 6, 1960

*Robert N. Grosby,* with whom, on the brief, was *George J. Malinsky,* for the appellant (plaintiff).

*Robert B. Devine,* for the appellee (named defendant).

*Raymond W. Beckwith,* for the appellee (defendant Norwalk Iron Foundry, Inc.).

MELLITZ, J. The plaintiff seeks a declaratory judgment determining whether he has a way of necessity over the lands of the defendants. He owns a parcel of land, known as parcel B, which is landlocked. He claims a way of necessity to a highway, Knight Street, over land known as parcel H, owned by the defendant Norwalk Iron Foundry, Inc., and bordering on parcel B on the west, and land known as parcel J, owned by the defendant Bailwitz and bordering on parcel H on the west. The plaintiff has appealed from a judgment decreeing that the land of the defendants should not be subjected to an easement in favor of the plaintiff's land.

The plaintiff's land, parcel B, is 18,654 square feet in area, or about 42 per cent of an acre. It consists

of a steep hillside running down to a brook which traverses a substantial part of the west portion of the land. The property was acquired by the plaintiff in January, 1955, by a quitclaim deed from William Krusch. Internal revenue stamps affixed to the deed as required; Int. Rev. Code of 1954, c. 34, § 4361; indicate that the consideration for the conveyance was less than $500. The plaintiff is a practicing civil engineer and land surveyor and has been on the land on two occasions, gaining access to it from the east by crossing property of a stranger.

Parcel B was one of five parcels, A, B, C, D and E, acquired by Krusch on May 1, 1922. It was contiguous to parcels A and C, each of which bordered on the west on Knight Street, so that there was access from B to Knight Street through either A or C. Parcel C was sold in 1924. Another parcel, F, acquired by Krusch in July, 1923, was contiguous to A and bordered on the north on North Avenue, so that there was access from B to North Avenue by crossing A and F. The layout of all the parcels is shown on the accompanying sketch.

Parcels A, B, E and F were mortgaged by Krusch to the National Bank of Norwalk in 1930. The mortgage was foreclosed as to A and title to A became absolute in the bank on July 16, 1937. Parcel B was not included in the foreclosure proceedings. As a result, title to A became vested in the bank, title to B remained in Krusch, and parcel B was left without means of access to a highway. Parcels H and J were acquired by Krusch on December 10, 1925. Simultaneously, he executed a mortgage to one of his grantors. The mortgage was thereafter assigned to the defendant Bailwitz, who foreclosed it. Title to H and J became absolute in Bailwitz on February 15, 1947. He sold parcel H to the defendant foundry on July 28, 1950. He continues to retain title to parcel J.

The question is whether the plaintiff has a way of necessity from parcel B to Knight Street over parcels H and J. The basis of this right, if it exists, is the presumption of a grant or reservation arising from the circumstances of the case. *Marshall* v. *Martin,* 107 Conn. 32, 36, 139 A. 348; *Collins* v. *Prentice,* 15 Conn. 39, 43; 2 Thompson, Real Property (Perm. Ed.) §§ 538, 540. Although called a way of necessity, the necessity does not create the way but merely furnishes evidence as to the real intention of the parties. *Collins* v. *Prentice,* supra, 44. Such a way is, therefore, not created by mere necessity; it always originates in some grant or change in ownership to which it is attached by construction as a necessary incident, presumed to have been intended by the parties. *Woodworth* v. *Raymond,* 51 Conn. 70, 75. A way of necessity is dependent upon unity of ownership or title, followed by a severance thereof. *Collins* v. *Prentice,* 15 Conn. 423, 426; 17A Am. Jur. 671, § 59; Restatement, 5 Property § 474,

comment a. The theory of the plaintiff is that there was such unity of ownership in Krusch when he owned parcels H, J and B at one and the same time and that a severance occurred when he lost parcels H and J in 1947 by the foreclosure of the mortgage held by Bailwitz. The plaintiff contends that a way of necessity then came into being for the benefit of parcel B, the one remaining parcel retained by Krusch at that time.

The mortgage held by Bailwitz was a purchase money mortgage on parcels H and J, executed simultaneously with the acquisition of these parcels by Krusch in 1925. As between Krusch and the mortgagee, there was then a conveyance of the fee to the mortgagee. *McKelvey* v. *Creevey,* 72 Conn. 464, 466, 45 A. 4; *Chamberlain* v. *Thompson,* 10 Conn. 243, 251. The decree of foreclosure, which became absolute in 1947, merely cut off the outstanding right of redemption. *City Lumber Co. of Bridgeport, Inc.* v. *Murphy,* 120 Conn. 16, 19, 179 A. 339; *Cion* v. *Schupack,* 102 Conn. 644, 648, 129 A. 854. The strict foreclosure of a mortgage works no change in the legal title. "The party who obtained the decree, after it has become absolute as well as before, derives whatever legal title he possesses from the mortgage, and has simply converted it into an absolute title, as against the defendants in the cause, by extinguishing their equities of redemption." *Dawson* v. *Orange,* 78 Conn. 96, 107, 61 A. 101; *Struzinski* v. *Struzinsky,* 133 Conn. 424, 428, 52 A.2d 2. It is true that for many purposes a mortgagor is regarded as the owner of the fee, and while the mortgagee holds the legal title, he is regarded in equity as doing so only for the purpose of securing the payment of the debt. *Desiderio* v. *Iadonisi,* 115 Conn. 652, 654, 163 A. 254, and cases cited. These incidents of the mortgage re-

lationship are, however, not of significance in resolving the question here. A foreclosure effects a change in the title held by the mortgagee from a qualified one to an absolute one; *Ferguson* v. *Sabo,* 115 Conn. 619, 622, 162 A. 844; but the extent of the interest or title of the mortgagee is not increased or enlarged by the foreclosure. He acquires by the foreclosure only such title as the mortgagor had the power to mortgage at the time the mortgage was given. *Markham* v. *Smith,* 119 Conn. 355, 363, 176 A. 880; *Gaul* v. *Baker,* 105 Conn. 80, 82, 134 A. 250; *Baker* v. *Lunde,* 96 Conn. 530, 539, 114 A. 673.

Whatever title the defendants have acquired in their properties derives from the legal relationships which ensued from the execution of the mortgage by Krusch and its subsequent foreclosure. Krusch was the owner of parcels H, J and B when he mortgaged parcels H and J, and if any severance in the legal title of these parcels may be claimed to have occurred as an incident of this mortgage, it occurred at the time of the execution of the mortgage in 1925 and not at the time of its foreclosure in 1947. Moreover, as a purchase money mortgage, it had priority over any interest which might be asserted against, or attached to, parcels H and J as the property of Krusch, the mortgagor. The principle of a purchase money mortgage is to protect the vendor, who takes the mortgage simultaneously with the sale of land to secure the purchase price, against claims to, or interests in, the property arising or attaching through the purchaser mortgagor. *Joseph* v. *Donovan,* 116 Conn. 160, 164, 164 A. 498; 5 Tiffany, Real Property (3d Ed.) § 1462. Bailwitz, as assignee of the mortgage, stood in the shoes of his assignor, with the same rights. *Quittner* v. *Comstock,* 91 Conn. 579, 580, 100 A. 1061; *Wiser* v. *Clinton,* 82 Conn. 148, 152, 72 A. 928;

*Sweeney* v. *Pratt,* 70 Conn. 274, 277, 39 A. 182. The successful assertion of a claimed way over parcels H and J was thus further precluded by the fact that the mortgage held and foreclosed by Bailwitz was a purchase money mortgage.

Prior to December 10, 1925, when Krusch acquired parcels H and J, he owned parcel A. This parcel was unencumbered. There was then access from parcel B to Knight Street across parcel A. No basis existed at that time for a claim of a way of necessity from parcel B over parcels H and J. If the need for such a way arose at all, it arose subsequently to Krusch's acquisition of parcels H and J, and came when the National Bank of Norwalk failed to include parcel B in the foreclosure proceedings by which it obtained absolute title to parcel A in 1937, and when Krusch failed to redeem parcel A. Parcel B was included with parcel A in the mortgage given to the bank in 1930. Had parcel B been likewise included in the proceedings which the bank instituted against Krusch in 1937 to foreclose this mortgage, or had Krusch redeemed parcel A, parcel B would not have become landlocked and would have continued to have access to Knight Street across parcel A. The failure of the bank to foreclose its mortgage as to parcel B and the failure of Krusch to redeem parcel A did not operate to establish for parcel B a way over parcels H and J, and the trial court was not in error in concluding that the plaintiff had no way of necessity over these parcels.

There is no error.

In this opinion the other judges concurred.