HUGO E. DOUGLAS and ALLAN DENERY, Plaintiffs

v.

MAHMOUD KALEEL, Defendant and Cross-Complainant

v.

CECILE D. WALLACE, Cross-Defendant

Civil No. 424-1969

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

August 1, 1972

MICHAEL, *Judge*

OPINION
INCLUDING FINDINGS OF FACT AND CONCLUSIONS OF LAW

The plaintiffs herein filed an action against the defendant Mahmoud Kaleel, asserting that they were and still are owners of Lots Nos. 37D and 37B & C, Estate Lindberg Bay 4A Southside Quarter, St. Thomas, Virgin Islands, and that the defendant, who owns abutting real property, entered their land without their consent and constructed a road across, of which they learned about during the year 1967, and has been so occupying up to the present.

That upon hearing of defendant's trespass plaintiff Douglas enquired of him as to his right to making an access road through their property. In response defendant claimed he was given permission by a third party, his grantor Cecile D. Wallace, who, plaintiffs claim, had no interest in the lots.

For this trespass and continued use plaintiffs pray for an injunction and damages. Plaintiffs also allege that the defendant has been advised and knows that he can obtain access to his property through an adjoining lot purchased by him from the same grantor the following year 1961, after the purchase of the southern lot.

In answer, defendant denies plaintiffs' allegation of their knowledge of his occupancy only in 1967, having made and used a passageway to reach his property for a long time prior to 1967 without any assertion of ownership by plaintiffs, and at the time of purchase by defendant of his land he was told by his grantor, despite the present denial of said grantor, that the passage claimed by plaintiffs could be used as an access way to his property. Defendant also alleges that for a long time since learning of plaintiffs' ownership of the land, he has made several proposals to them, including purchase of an easement.

Subsequent to the filing of the Answer, a motion was made by substituted counsel for defendant to bring in a third party as a cross defendant, which was denied, but upon rehearing was granted.

In his cross-complaint defendant and Cross-complainant Kaleel claims that in July of 1960, by Warranty Deed, executed by one Cecile D. Wallace, he became owner of Lot 36AB Estate Lindberg Bay, No. 4 Southside Quarter, St. Thomas, Virgin Islands, in which reference was made to a "private road", and that said Cross-defendant Cecile D. Wallace orally represented to him that said "private

road" was an easement to the parcel sold to him as shown on defendant's Exhibit B, as an access right of way over property controlled by Wallace, to whom he paid half of the cost of bulldozing the said access right of way, and relying upon the warranties and representations, he has continued to use the road.

In consideration of the above, defendant Kaleel moves the court (1) to order that in the event the court should find damage due from defendant Kaleel to plaintiffs Hugo Douglas and Allan Denery, that Wallace, cross-defendant, be ordered to pay the same; (2) that if judgment is given plaintiffs, that it be against Wallace only; and (3) if Kaleel be enjoined from using the access road across plaintiffs' land, he prays that he be awarded damages, either for the construction of a direct road from the public road, if construction of such a road is possible, or for damages necessary to provide access to the public road.

In its Answer to Cross-complainant Kaleel, plaintiffs deny that any of his allegations is relevant to the issue before the court, nor relieves him from the consequences of the action for trespass, injunction and damages filed against him, and pray for a dismissal of the cross-complaint as to plaintiffs, and that judgment be granted to plaintiffs as prayed for in their original complaint.

Cross-defendant Wallace contends in its answer to defendants' cross-complaint that the matters therein stated fail to state a cause of action against the said Wallace and, besides, are subject to the defense of the Statute of Frauds. Moreover, that the Cross-complainant has waived his right to a cross-complaint against Cross-defendant Wallace, inasmuch as by his verified answer of a previous date, he is estopped from now asserting a different defense against the plaintiffs' complaint, and prays judgment of dismissal of cross-complaint of defendant Kaleel.

136

After hearing and examining the exhibits admitted and the argument of counsel, the court makes the following:

FINDINGS OF FACT

1.

That the plaintiffs Hugo E. Douglas and Allan Denery are owners of Parcels 37D and 37B & C, Estate Lindberg Bay, 4A Southside Quarter, St. Thomas, Virgin Islands.

2.

That the Cross-defendant Cecile D. Wallace executed a Warranty Deed to defendant and Cross-complainant Mahmoud Kaleel dated July 26, 1960 (Kaleel's Ex. A), conveying to the said Kaleel Parcel 36AB, which abuts the lots to the west owned by the plaintiffs, as shown by copy of Map P.W. No. F9-602-T60 and admitted in evidence as defendant's Kaleel Ex. No. B. That at the north of this Lot is found the words "Private Road", described in the deed as "a private road which is portion of Parcel No. 36A . . . a distance of 88.1 feet to the point of beginning", which "private road" the court finds not to extend beyond the said lots, 36AB, the first Lot purchased by defendant Kaleel, and the second Lot No. 36A, purchased by him in 1961 from the said grantor, Wallace, which Lot abuts the public road. By this latter purchase the defendant Kaleel became the owner of the "private road" between the two lots.

3.

That the defendant Kaleel constructed a road from the public road to his building located on Lot 36AB across portions of plaintiffs' property without their permission, and that upon hearing of the trespass by Kaleel some time in 1967, plaintiff Douglas informed him thereof, at which time defendant Kaleel claimed he had gotten permission from Wallace, which Wallace denies.

## 4.

That plans or maps of the Lots of plaintiffs on file in the Department of Public Works in St. Thomas, and seen by the three parties and their attorneys, do not show that there is or was an abutting way through the property of the plaintiffs from the property previously owned by Cross-defendant Wallace and purchased by Cross-complainant Kaleel.

## 5.

That upon request of the defendant Kaleel, who claimed there was no access elsewhere for bringing materials to the site of the building he was putting up, and that said building was nearing completion, plaintiff Douglas gave permission to defendant to the use of the road until the house was completed.

## 6.

That although the house was completed defendant continued the trespass, concerning which plaintiff Douglas wrote the following letter to defendant Kaleel, dated February 5, 1968 and admitted in evidence as Plaintiffs' Ex. No. 1.

"Charlotte Amalie
St. Thomas, Virgin Islands
February 5, 1968

"REGISTERED—RETURN RECEIPT

"Mr. Mahmoud Kaleel
The Oriental Bazaar
Charlotte Amalie
St. Thomas, V.I. 00801

"Dear Sir:

"This is to advise that I have not changed my position in connection with your encroachment on Property No. 37C Lindberg Bay.

"You have now completed your building and I shall appreciate

it if you will begin preparation for the cutting of a road on your own property and discontinue the use of the road you have illegally cut on the above-mentioned property.

"You have been advised already by Mr. Ricardo Williams, alias "Dolce", an expert bulldozer operator, that a road can be cut on your property and that he is willing to cut it for you.

"Failure to comply with the above request shall result in my taking further action to prevent your continuous trespass on the aforesaid property.

"Very truly yours,

Hugo E. Douglas"

7.

That there is no admissible evidence that Cross-defendant Wallace gave defendant and Cross-complainant Kaleel permission to put a road across the land belonging to the plaintiffs as claimed, thereby giving him an easement.

8.

That the evidence shows that defendant Kaleel, upon purchasing Lot No. 36A one year after he purchased Lot No. 36AB had, and still has, access to the public road upon cutting a road through Lot No. 36A.

The court concludes from the foregoing Findings of Fact, the following

CONCLUSIONS OF LAW

1. That the deed of 1960 to defendant Kaleel did not give him any right to the use of plaintiffs' land, and hence such use was a trespass.

2. That his grantor and third party defendant Wallace did not own any portion of plaintiffs' land, and even if she gave him permission to use the land as he claims and as is denied by Wallace, such permission would be void under the Statute of Frauds. 28 V.I.C. sec. 241(a)(2). Also, that while the court does not find that defendant Kaleel's

139

trespass had been for 11 years before the matter was brought to his attention as he claims, even if it were the prescriptive period of adverse possession in the Virgin Islands is 15 years, and hence such a claim could not prevail. 28 V.I.C. sec. 11; Myers v. Canton (C.A.3d 1970) 7 V.I. 500; Smith v. Harris, 311 P.2d 325, 334.

3. That there is no evidence that there was a unity of title and subsequent severance of the parcels owned by plaintiffs and those of Cross-defendant Wallace by which an easement from a preexisting use could be implied. Smith v. Harris (ibid); Wagner v. Fairlamb, 379 P.2d 165, 168; Leonard v. Bailwitz, 148 Conn. 8, 166 A.2d 451, 454.

4. That the court has not found any legal or equitable ground which would entitle defendant and Cross-complainant Kaleel to an easement over the property of plaintiffs, and therefore plaintiffs are entitled to injunctive relief as prayed for. Plaintiffs also pray for damages in the amount of $2,000.00 for use and occupation, but offered no proof thereof. Nevertheless, the court finds that they are entitled to nominal damages in the amount of $1,000.00, plus costs and attorney's fees in amount of $500.00 against the defendant and Cross-complainant Kaleel.

5. That inasmuch as there has been no admissible evidence by the defendant and Cross-complainant Kaleel against Cross-defendant Wallace, the complaint against her will be dismissed, with costs and attorney's fees in the amount of $300.00 against the defendant and Cross-complainant Kaleel.

Judgment will be entered in accordance with the above, and granting defendant and Cross-complainant Kaleel forty-five (45) days after entry of said judgment to forever cease and desist from entering and trespassing upon

Plaintiffs' lands or interfering with Plaintiffs' possession thereof.