[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S NOTION FOR CONTEMPT (#132)
The defendant urges this court to rewrite the statutes and ignore the case law of this state by holding that a mortgage is not a "transfer of title." This court declines the invitation.
The parties' marriage was dissolved by decree entered on November 12, 1992 incorporating a separation agreement that provided for the defendant or his estate to pay $35,000.00 to the plaintiff
". . . upon the earliest of the following to occur:
a. ninety (90) days after the husband's death;
b. September 1, 1998;
 c. at time of transfer of title of the husband of the marital home to any third party."
The defendant executed a "Home Equity Line of Credit Mortgage Deed without tax clause" for $88,000.00. (Plaintiff's Exhibit #1). No payment was made to the plaintiff.
Kelvey v. Creevey, 72 Conn. 464 (1900), held that a mortgage in fee is a conveyance of the fee to the mortgagee upon condition to become absolute upon non-performance of the condition. Glotzerv. Keyes, 125 Conn. 227, held a mortgage in form and legal theory to be a conveyance of a fee. Leonard v. Bailwitz, 148 Conn. 8, pointed out that a foreclosure works no change in the legal title, for title is derived from the mortgage. The Conference CenterLimited, v. TRC-The Research Corporation of New England, 189 Conn. 212, states at 218:
 "It is undisputed that a mortgagee in Connecticut, both by common-law rule and by statute, is deemed to have taken legal title upon the execution of a mortgage on real property. General Statutes § 47-36h; . . ." (citations omitted).
CT Page 11885
In 1993 our Supreme Court again affirmed that a mortgagee acquires legal title and the mortgagor has an equity of redemption, RedRooster Construction Company v. River Associates, Inc., 224 Conn. 563. The August 1994 mortgage deed executed by the defendant was a "transfer of title." The defendant's obligation to pay the plaintiff became absolute on August 24, 1994.
Although all are bound to know the law, since the defendant was relying on counsel, this court cannot find the refusal to pay to be wilful unless the defendant maintains such position after being advised of this decision. The motion is continued for 30 days for compliance.
HARRIGAN, J.