[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are the owners of an approximate six acre parcel of land located within the Town of Killingworth. The defendant, Hammonasset Fishing Association, Inc. is the owner of property adjacent to property of the plaintiffs, over which property, the plaintiffs herein claim a right of way of necessity to Connecticut Route 148. The plaintiffs claim that their property is not accessible by any other means and that their property has no other rights of way to it or access on any private or approved road, street or highway. The plaintiffs allege that their property as described shares a common grantor with the adjacent property of the defendant as described in the complaint.
The defendant has left the plaintiffs to their proof, having admitted no allegations of the complaint with exception of the ownership by the plaintiffs of the 6 acre parcel. By way of Special Defenses the defendant claims lack of a ownership of land of the plaintiffs' and defendant's by common grantor; that the defendant a bona fide purchaser took its property title without knowledge, or actual or constructive notice, of the existence of any easement and thereby took title relieved of any burden of the easement. Thereafter the defendant's filed a Third Special Defense in which they claimed that an easement right of the plaintiffs' or their predecessor in title of have or have had are CT Page 2032 extinguished by their failure to file a notice pursuant to the provisions of the Marketable Record Title Act Connecticut General Statutes Sections 47-33b through section 47-331. The plaintiffs have filed denials of said special defenses and the case went to trial on the aforementioned claims in the pleadings. The record contains exhibits of numerous deeds setting up proposed chains of title to the properties of the plaintiffs and the defendant, and the court heard testimony from two lawyers who have examined the record ownership of the 2 parcels of land in question, along with testimony of land surveyors and engineers who have reviewed the property and the records.
That the plaintiff has the burden of establishing elements essential to their claim, is so basic in our law that it need not be supported by legal authority. The plaintiffs herein, claim an easement of necessity.
"An easement of necessity will be imposed where a conveyance by the grantor leaves the grantee with a parcel inaccessible save over the lands of the grantor." Hollywyle Association. Inc. v.Hollister, 164 Conn. 389 (1973).
The basis of this right, if it exists, is the presumption of a grant or reservation arising from the circumstances of the case. Marshall v. Martin, 107 Conn. 32, 36. Although called a way of necessity, the necessity does not create the way but merely furnishes evidence as to the real intention of the parties.Collins v. Prentice, 15 Conn. 39, 43. Such a way is, therefore, not created by mere necessity; it always originates in some grant or change in ownership to which it is attached by construction as a necessary incident, presumed to have been intended by the parties.
"A way of necessity is dependent upon unity of ownership or title, followed by a severance thereof." Leonard B. Bailwitz,148 Conn. 8, 11. The requirement of unity of ownership is to be strictly construed by the Court. The element of necessity is also strictly construed and is dependent upon the situation of both parties, the nature and adaptability of the parties, and the surrounding circumstances.
Therefore, the plaintiffs must produce credible evidence which establishes the following elements of an easement of necessity in order to prevail: CT Page 2033
a. Prior common ownership of the dominant and servient estates;
b. Severance of one of the parcels;
c. Necessity for an easement at the time of severance;
d. Continuing necessity for an easement.
Bruce and Ely, The Law of Easements (1988), § 4.02(2).
In accordance with the foregoing authority, the threshold issue in this case is whether or not a predecessor in title of the plaintiffs and defendant owned both of their parcels of land and at the time of such ownership carved out the 6 acre piece of the plaintiffs' and conveyed it out at a time that he owned both parcels of land.
Based upon the credible, relevant, probative and admissible evidence before the court, the following findings of fact and conclusion of law are hereby made. It is the plaintiffs' claim that an easement of necessity was created when Frank C. Bartlett conveyed a 6 acre parcel by deed reference as plaintiffs' Exhibit 5 in 1914. It is uncontradicted that there is no deed into Frank C. Bartlett of the 6 acre parcel as described in said Exhibit 5. The plaintiffs claim that the 6 acre piece described in Exhibit 5 was a portion of a 35 acre piece described in plaintiffs' Exhibit 11. This is based upon an assumption of the plaintiffs expert that this is the only reasonable place that this land could of come from. The court concludes that this assumption is mere speculation and is not sufficient evidence to establish by a fair preponderance that this is the source of the 6 acre parcel in contention.
Neither side claims nor is there any evidence that any right of way as claimed by the plaintiffs' herein exist as a matter of record. Frank C. Bartlett was an individual who owned many parcels of land and made numerous conveyances in the area during this period of time. All the experts agree that there is no deed of record showing the conveyance into Frank C. Bartlett of a 6 acre parcel of land to which the plaintiffs' now reasonably lay claim. This assumption on the part of the plaintiffs' title searcher is not consistent with the continued description of this 35 acre piece and no change therein in any of the subsequent conveyances up to and including the deed into the defendant. As testified to by the defendant's expert, the deed conveying the 35 CT Page 2034 acre piece to, and plaintiffs' Exhibit 8, subsequent to purported or claimed creation of the easement by necessity had specific volume and page reference back to the 35 acre piece, but no reference to the 6 acre parcel, plaintiffs' Exhibit 5. The plaintiffs' experts assumption that the 35 acre parcel was the source of the 6 acre parcel is necessarily based upon an explanation that the failure to subsequently omit this from the 35 acre description was mere oversight by a Mr. Bartlett, a claimed predecessor in title. As aforementioned, Mr. Bartlett's experience as a land conveyances is noted from the number of conveyances that he was involved in made it unlikely that he would of committed such gross oversight in failing to note the conveyance out, in subsequent deeds, of a 6 acre parcel.
This court concludes that the opinion of the plaintiffs' expert is based upon conjecture and unwarranted assumptions. Such basis is insufficient to satisfy the plaintiffs' burden of proof of establishing that Frank Bartlett was the record owner of the 6 acre parcel of the plaintiffs at the same time as he was the owner of the property of the defendant's and at the time of any purported severance. There is no deed of record in Frank Bartlett's of the 6 acre parcel and the court cannot engage in speculation in order to establish that.
The court further notes that there is expert testimony adduced by the defendant that seriously disputes the origin or source of the 6 acre parcel as having been carved out of the Frank C. Bartlett 35 acre parcel.
The court concludes further that this failure of proof on the part of the plaintiffs is fatal to their case. They have been unable to establish by a fair preponderance of the evidence prior common ownership of the dominant and servient estates at the time of severance of one of the parcels. Absent this foundation, their evidence fails to present to the court an evidentiary basis sufficient to permit the granting of the relief requested by way of right of way of necessity.
Although dicta, this court further concludes that the Special Defense of the defendant presented in its claim that any easement of right of plaintiffs or their predecessors in title have or have had are extinguished by their failure to file a notice pursuant to the provisions of the Marketable Record Title Act Sec. 47-33b through 47-331, and being are operative and would bar the court granting relief requested by the plaintiffs herein. It CT Page 2035 is conceded that there are no instruments of record upon which anyone can rely in this matter for the creation of any easement right.
Marketable Record Title is created when a person holds an unbroken chain of title to property for at least 40 years then back to the root of title. The root of title is the most recent conveyance or title transaction disclosed by the land records after tracing the title to the property back for a period of 40 years from when marketability of title is being determined. If Marketable Record Title exists, then Connecticut General Statutes Section 47-33e extinguishes any competing claim which arose prior to the root title. Thus, even if the plaintiffs' had been successful in establishing their asserted claim that their land was separated from other land of Frank Bartlett in the deed of conveyance on October 17, 1914, which by allegation created the easement of necessity, such is prior to the defendant's root of title which is January 8, 1925. Any easement that may have existed or been created by the October 17, 1914 deed has been extinguished by the provisions of the Marketable Record Title Act.
Further, the court concludes that the plaintiffs have failed to establish that they could benefit under any exemption to the operation of this act as contained in Section 47-33h. The record contains no evidence sufficient to establish their entitlement hereunder by a fair preponderance.
Accordingly, judgment is entered in favor of the defendant.
It is so ordered.
HIGGINS, J.