ORA H. ANDERSON ET AL. v. HARRIET D. BRIGGS ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 84332

Memorandum filed January 26, 1952.

*Wake & See,* of Westport, for the Plaintiffs.

*John Mountain,* of Westport, *Curtis, Trevethan & Gerety,* of Bridgeport, and *Wilson, Hanna & Wanderer,* of Danbury, for the Defendants.

CULLINAN, J. The plaintiffs seek to foreclose a judgment lien on two parcels of real estate in Redding. They allege that, although their judgment lien was not recorded until April 18, 1951, it, nonetheless, has priority as a lien against the first parcel, which piece alone is the subject of controversy, from

March 23, 1948, by virtue of its relation back to an attachment made on that date. In addition to the owner of the equity of redemption, the plaintiffs have joined as defendants three parties who claim an interest in the first parcel. Two defendants, Harold B. Senior Lumber Company and Gulf Oil Corporation, claim to have attachments on the first parcel, the attachments having been made on April 30, 1948, and September 2, 1948, respectively. Defendant First National Bank and Trust Company claims to have a judgment lien on the controversial parcel recorded May 7, 1949.

Considered solely in the light of recording time, the priority of incumbrances on the first parcel would be: (1) the plaintiffs'; (2) the lumber company's; (3) Gulf Oil Corporation's, and (4) First National Bank and Trust Company's. However, in its answer and special defense, the bank has alleged that the interests of the other three incumbrancers are junior and subsequent to the interests of the bank because (a) the attachment upon which the plaintiffs rely for priority of their interest over the bank's interest is null and void because not made in compliance with General Statutes, § 8025; and (b) the attachments of Senior Lumber Company and Gulf Oil Corporation are similarly null and void.

The material facts are undisputed. On March 17, 1948, a civil action was instituted by Ora Holt Anderson and Denton Anderson against Harriet Durstine Briggs and William A. Briggs. That action was subsequently docketed as No. 77,436 in the files of the Superior Court for Fairfield County. On March 23, 1948, a deputy sheriff of Fairfield County, in said action and at the direction of the plaintiffs' attorney, made an attachment of the interest of the defendant Harriet Durstine Briggs in two parcels of land in Redding. The deputy sheriff completed the attachment in accordance with the statute, except that in his return to the Redding town clerk, he neglected to set forth how and when he served the process on the defendants Harriet Durstine Briggs and William D. Briggs. On April 13, 1951, the plaintiffs secured a stipulated judgment against Harriet Durstine Briggs in No. 77,436 and filed their judgment lien on April 18, 1951.

Thus the essential question to be determined is: Was the return of the deputy sheriff to the Redding town clerk in case No. 77,436 so defective under § 8025 of the General Statutes that the judgment lien of the plaintiffs cannot effectively relate back to the date of that attachment?

Section 8025, the statute relating to attachment of real estate, first sets forth the steps to be taken in lodging a certificate of attachment in the office of the town clerk and then provides: ". . . and the officer shall, either within four days thereafter or within four days after service on the defendant in such action, leave in the office of such town clerk a certified copy of the process under which the attachment was made, with an indorsement of his doings thereon; and unless the service shall be so completed, such estate shall not be held against any other creditor or bona fide purchaser. . . ."

The foregoing statute outlines the procedure requisite to the making of a valid attachment of real estate. *Butchers' Ice & Supply Co.* v. *Bascom,* 109 Conn. 433, 436. Unless the statutory conditions of service are followed, there can be no valid attachment. *New Milford Security Co.* v. *Windham County National Bank,* 90 Conn. 323, 340. The statute is interpreted strictly because the right to attach property on mesne process, before the debt or claim has been established by judgment, is an extraordinary power given by statute against common right. *Ahern* v. *Purnell,* 62 Conn. 21, 24; *State* v. *Hartley,* 75 Conn. 104, 107. Only when the defect is inconsequential is strict conformity to each step of the statute waived. *Joseph* v. *Donovan,* 114 Conn. 79.

In *Joseph* v. *Donovan,* supra, the error which the court found too inconsequential to make the attachment invalid was the failure to strike from a printed form of certificate of attachment reference to the Court of Common Pleas so that the certificate read "Superior Court of Common Pleas." Inasmuch as the amount claimed in the action clearly exceeded the jurisdiction of the Court of Common Pleas, the court held that any person having occasion to examine the certificate of attachment could have ascertained readily and definitely in which of the two courts the action was pending.

Here, however, the defect in the plaintiffs' attachment was the failure of the officer's return, on file in the office of the Redding town clerk, to show that service had been made on the defendants. The purpose of requiring that a copy of the process with an indorsement of the officer's doings thereon be left in the office of the town clerk is to give notice that the attachment and service have been completed. *New Milford Security Co.* v. *Windham County National Bank,* supra; *Butchers' Ice & Supply Co.* v. *Bascom,* supra, 438. By his failure in the instant matter, the

officer defeated the purpose of that statutory requirement. From an examination of his return, a title searcher could not know but that the certificate of attachment was nugatory. He would be entitled to assume that the action in which the certificate of attachment was lodged was an abortive one. From the officer's return it was impossible to determine that the action was pending. Accordingly, the failure of the officer in the present proceedings was material and vital and consequential and the plaintiffs' attachment cannot be saved by the "inconsequential" rule enunciated in *Joseph* v. *Donovan*, supra. See also the recent and somewhat analogous matter of *Cugno* v. *Kaelin*, 138 Conn. 341.

The parties are advised: 1. Since the action in which Harold B. Senior Lumber Company's attachment was made was discontinued in the Court of Common Pleas for Fairfield County before entry of judgment, such interest as the lumber company may have had in the first parcel during the existence of its attachment terminated the moment the action upon which the attachment was founded ceased to exist. *Union Mfg. Co.* v. *Pitkin*, 14 Conn. 174. Accordingly, the lumber company has no further interest in said parcel or in these proceedings.

2. An examination of the officer's return in connection with the attachment of Gulf Oil Corporation reveals that the same officer was concerned with both Gulf Oil Corporation's and the plaintiffs' attachments and that similar defects exist in both. For the reasons advanced in this memorandum, Gulf Oil Corporation's attachment is void and it has no further interest in the first parcel or in these proceedings.

3. Since the plaintiffs' attachment is null and void, the priority of the plaintiffs' judgment lien must be determined from the date of its recordation and not from the date of the lodging of the certificate of attachment. Inasmuch as the judgment lien of First National Bank and Trust Company of Bridgeport was recorded on May 7, 1949, and the plaintiffs' judgment lien was recorded on April 18, 1951, then the bank's judgment lien is prior to that of the plaintiffs.

4. An appropriate motion should now be addressed to the Superior Court and placed on the short calendar at Bridgeport requesting judgment that the formalities of entering judgment may be complied with.