[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISCHARGE LIS PENDENS
The defendant in this divorce case moves pursuant to General Statutes § 52-325d to discharge the notice of lis pendens recorded by his wife against his interest in real property which is located at 421 Lalley Boulevard in Fairfield, Connecticut. The defendant claims the notice of lis pendens is invalid because (1) the notice does not contain all of the information required under General Statutes §§ 46b-80 and 52-325; (2) the notice does not correctly state that the action is intended to affect real property; and (3) the notice was not served on all the owners of the property. The other owner of the property, who is the defendant's brother, joins the defendant in the motion to discharge the notice of lis pendens and makes the same arguments.
Before defendant Timothy Meehan and plaintiff Mary S. Meehan were married, Timothy Meehan and his brother Peter purchased a house at 421 Lalley Boulevard and used the house as their residence. After Timothy Meehan and Mary S. Meehan married, Peter moved out of the house and Timothy and Mary used the home as their marital residence. Mary has now brought this divorce action against Timothy. As part of her claims for relief in this divorce action, Mary seeks an assignment to her of her husband Timothy's interest in the house. Section 46b-81 of the General Statutes authorizes this court to make such an assignment.
At the commencement of this divorce action, Mary S. Meehan caused to be recorded in the Office of the Town Clerk of Fairfield a notice of lis pendens. The notice was served on her husband Timothy but not Peter. The plaintiff's former attorney was the scrivener of the notice. The defendant and his brother claim the scrivener made two mistakes which invalidate the notice. They also claim that the plaintiff failed to comply with statutory provisions on service.
First, the defendant and his brother claim that the scrivener did not correctly recite all the information required by §§ 46b-80
and 52-325 of the General Statutes. They claim the notice contains defects with respect to the return day and the court to which the action is returnable. Section 46b-80 provides that "[t]he notice shall contain the names of the spouses, the nature of the complaint,the court having jurisdiction, the date of the complaint and a description of the real property." (emphasis added) Section52-325 provides that the notice shall contain "the names of the parties, the nature and object of the action, the court to which itis returnable and the term, session or return day thereof, the date of process and the description of the property." (emphasis added) CT Page 8351 In the caption of the notice, the scrivener recites in type a return day of March 16, 1993. The number 16 is crossed out and the number 23 appears in handwriting. This date is inconsistent with the date set forth in the first paragraph of the notice wherein the scrivener recites a return day of March 16, 1993. In the caption of the notice, the scrivener recites the action is returnable to the Judicial District of Fairfield at Bridgeport. In the first paragraph of the notice, the scrivener recites that the action is returnable to the Judicial District of Stamford/Norwalk at Stamford. The defendant and his brother claim these inconsistencies void the notice of lis pendens.
The purpose of the notice of lis pendens is to put third persons, i.e. potential buyers of the real estate and creditors of its owners, on notice that the real estate may be subject to pending adverse interests that may affect the title or right to the property. Garcia v. Brooks Street Associates, 209 Conn. 15, 22
(1988). "It serves as a warning to others that rights that they may acquire will be subject to any valid judgment entered." 54 C.J.S. Lis Pendens, § 31, p. 413. Any interested party may file a motion under § 52-325d of the General Statutes to discharge and invalidate the notice of lis pendens. Should this court find that the recorded notice does not contain the information required by §§ 46b-80 or 52-325, the court may, pursuant to § 52-325d, declare "the notice invalid and discharged, and that the same does not constitute constructive notice."
Here, the property owners, and not third parties, claim the notice was insufficient. As to the owners, the defects relating to the return day and the proper court are too inconsequential to invalidate the notice. Any person having occasion to examine the notice could readily ascertain in which of the two courts the divorce action is pending, either from the recital in the notice itself or by reasonable inquiry. See Joseph v. Donovan, 114 Conn. 79,83, 157 A. 638 (1928).
The defendant and his brother also claim the notice of lis pendens is invalid because "the lis pendens is not designed to affect the defendant's interest in real property." The scrivener recited in the notice that Mary S. Meehan claims "an assignment of the plaintiff's interest in and to the real property at 421 Lalley Boulevard, Fairfield, Connecticut, as provided by C.G.S. § 46b-81." The scrivener should have recited that Mary S. Meehan claims an assignment to her of the defendant's interest in the property. This error also appears in the complaint. The defendant and his CT Page 8352 brother argue that this error in terminology invalidates the notice.
A notice of lis pendens does not effectuate or cause the transfer of an interest. A notice merely serves as a warning of the plaintiff's claim. Any person examining the notice in this case can readily ascertain that the plaintiff wife has brought a divorce action which may affect the defendant's interest in the real property. This defect is too inconsequential to invalidate the notice of lis pendens.
Finally, the defendant and his brother claim that the notice of lis pendens is invalid because it was not served on Peter Meehan. Section 52-325(c) of the General Statutes provides, in part, as follows: ". . . no recorded notice of lis pendens shall be valid or constitute constructive notice thereof unless the party recording such notice, not later than thirty days after such recording, serves a true and attested copy of the recorded notice of lis pendens upon the owner of record of the property affected thereby. . . . When there are two or more property owners of record, a true and attested copy of such recorded notice shall be so served on each property owner. . . ." The plaintiff does not seek to affect Peter Meehan's interest in the property.
Invalidating the notice of lis pendens under the facts of this case would be a harsh remedy which would not reasonably and fairly implement the intent of § 52-325 (c). There are no reported Connecticut cases which directly discuss the invalidation of a notice of lis pendens when the plaintiff has failed to serve an owner whose interest is not being affected. The issue has been discussed in the context of the mechanic's lien statute, § 49-35, with conflicting results. See, e.g. Diversified Floors, Inc. v.David J. Shaw, et al, 7 Conn. Law Reporter #20, 573-574 (December 14, 1992) and Kahabik v. Hydraulic Repair Company, Inc., 7 Conn. L. Reporter No. 10. 280 (September 28, 1992). This court adopts the reasoning of the opinion in Diversified Floors, Inc. and therefore concludes the notice of lis pendens should not be discharged.
The motion to discharge is denied.
THIM, JUDGE CT Page 8353