[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 26, 1997
On June 19, 1995, the plaintiff, Ann Beers (Beers), filed this action to quiet title against the defendant, Westport Bank 
Trust Company (WBT). Beers contests the validity of an attachment lien filed on the subject property by WBT.
On June 11, 1985, the plaintiff conveyed a three-quarter interest in the subject property to Mark Herlitzer, and the deed was recorded in the Westport land records on July 16, 1985. On December 14, 1989, Herlitzer reconveyed his three-quarter interest in the subject property to Beers, but the deed was not recorded until July 26, 1990.
After Herlitzer reconveyed the property, but before the deed CT Page 2615 was recorded in the land records, WBT received a prejudgment remedy attaching a three-quarter interest in the subject property. WBT believed that Herlitzer owned the three-quarter interest because he was still listed as the owner in the Westport land records. WBT filed a certificate of attachment in the Westport land records on January 16, 1990.
Beers claims that WBT's attachment lien is defective, and therefore invalid, because the certificate of attachment incorrectly identifies the court which issued the attachment and the court to which process was returnable. WBT contends that the defect is inconsequential and does not invalidate its attachment lien.
The parties submitted their claims to an Attorney Trial Referee (ATR). On July 23, 1996, the ATR issued a Report finding that Beers was a bona fide purchaser and that the defect was inconsequential, and therefore, it should not invalidate WBT's attachment lien. The ATR recommended that judgment should enter in favor of WBT. On August 6, 1996, Beers filed a motion to correct the ATR Report. On December 2, 1996, the ATR issued a Corrected Report and, on December 6, 1996, Beers filed an objection to acceptance of the Corrected Report. Beers does not dispute the findings of fact in the ATR Report, but objects to the conclusion of law that the defect was inconsequential.
"Having no power to render a judgment, an attorney [trial] referee is simply a factfinder whose determination of the facts is reviewable in accordance with well-established procedures prior to the rendition of judgment by the court." Seal Audio,Inc. v. Bozak, Inc., 199 Conn. 496, 502, 508 A.2d 415 (1986). Nevertheless, attorney trial referees are permitted "to express their views on questions of law. Practice Book § 434: Practice Book § 546g; Seal Audio, Inc. v. Bozak, Inc. supra,
509-10." Rostenberg-Doern Co. v. Weiner, 17 Conn. App. 294, 299,552 A.2d 827 (1989). The trial court shall render judgment as the law requires upon the facts as found by the attorney trial referee. Dills v. Enfield, 210 Conn. 705, 713, 557 A.2d 515
(1989); Practice Book § 443. The court is bound by the attorney trial referee's findings of fact although not by his conclusions of law. Pilato v. Kapur, 22 Conn. App. 282, 283,576 A.2d 1315, cert. granted, 216 Conn. 813, 580 A.2d 59 (1990).
General Statutes § 52-285 provides: CT Page 2616
 Real estate shall be attached by the officer by leaving in the office of the town clerk of the town in which it is situated a certificate that he has made such attachment, which shall be endorsed by the town clerk with a note of the precise time of its reception and recorded at length in the land records of such town; and such attachment, if completed as hereinafter provided, shall be considered as made when such certificate has been so lodged. The certificate shall be signed by such officer, shall describe the land attached with reasonable certainty and shall specify the parties to the suit, the authority issuing the writ, the court to which the process is returnable and the amount of damages claimed; and, unless the service is so completed, such estate shall not be held against any other creditor or bona fide purchaser . . .
"The right to attach property is purely statutory . . . General Statutes § 52-285 identifies the requirements for attaching real property in this state and is controlling on the issue of when an attachment begins to accrue . . . Because attachments did not exist at common law and because tying up a debtor's property prior to litigation of the validity of the creditor's claim is a `harsh remedy;' . . . we [the Supreme Court] have construed our attachment statutes strictly." (Citations omitted.) Farmers Mechanics Savings Bank v.Garofalo, 219 Conn. 810, 813-14, 595 A.2d 341 (1991). The failure to comply with the statutory requirements for attachment will render the attachment lien voidable as to other creditors or bonafide purchasers; General Statutes § 52-285 Milestan v.Tisi 140 Conn. 464, 472, 101 A.2d 504 (1953); unless the defect is inconsequential. Joseph v. Donovan, 114 Conn. 79, 83,157 A.2d 638 (1931). See also Anderson v. Briggs, 17 Conn. Sup. 437 (1952) (defect not inconsequential).
In Joseph v. Donovan, supra, 114 Conn. 83, the certificate of attachment was written on a pre-printed form which could be used in either the Superior Court or the Court of Common Pleas. Id.
The party drafting the certificate failed to strike out the reference to the Court of Common Pleas so that the certificate read "Superior Court of Common Pleas." Id. The court concluded that the defect was inconsequential because there was no such court as the "Superior Court of Common Pleas," and the amount of damages claimed clearly exceeded the jurisdictional requirements CT Page 2617 for the Court of Common Pleas. The Court reasoned that "[a]ny person having occasion to examine the certificate could readily have ascertained in which of the two courts the action was pending, either from the recitals of the certificate itself or by enquiry."
WBT's certificate of attachment states that the attachment lien was issued from the judicial district of Danbury when, in fact, it was issued from the judicial district of Bridgeport. The certificate also indicates that the action was pending in the judicial district of Danbury when, in fact, it was pending in Bridgeport. In Joseph, the available inquiry would have been to one of the courts that were both identified in the attachment. In the present case only Danbury Superior Court — the wrong court — was identified in the attachment and contacting the Danbury Court would not have led one to the Bridgeport Court. A number of inquiries would have been necessary to discover the true facts about the attachment, and the success of this investigation might have required, as indicated by the ATR, knowledge about the venue rules governing court filings.
In summary unlike the defect in Joseph, the recitals of the certificate itself would not lead one to conclude that the action was pending in Bridgeport because the certificate does not refer to the judicial district of Bridgeport. Moreover, while enquiry might lead an interested party to conclude that the action was not pending in Danbury, it would not necessarily lead one to conclude that the action was pending in the judicial district of Bridgeport. The certificate simply does not include sufficient information to allow an interested party to readily ascertain all the information required to be provided by General Statute §52-285. The deficiencies of this certificate cannot be viewed as being inconsequential under the requirements of an attachment statute which must be strictly adhered to. Therefore, the court finds that WBT's certificate of attachment is invalid because it fails to provide all of the information required by General Statutes § 52-285.
The objection to the acceptance of the ATR's report is sustained and judgment shall enter for the plaintiff, Ann Beers.
STEVENS, J. CT Page 2618