**CHEMICAL BANK, Plaintiff–Counter–Defendant–Appellee,**

v.

**Richard M. COAN, Trustee, Bankruptcy Estate of Connaught Properties, Inc., Trustee–Appellant.**

No. 99–7427.

United States Court of Appeals, Second Circuit.

Feb. 2, 2001.

Timothy D. Miltenberger, Coan, Lewendon, Royston, & Gulliver, LLC, New Haven, CT, for appellant.

Steven M. Frederick, Wofsey, Rosen, Kweskin & Kuriansky, Stamford, CT, for appellee.

Present OAKES, STRAUB and POOLER, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Appellant Richard Coan, trustee of the bankruptcy estate of Connaught Properties ("Connaught") appeals from a final judgment of the United States District Court for the District of Connecticut (Holly B. Fitzsimmons, *Magistrate Judge*) granting Chemical Bank's motion for summary judgment. This case has a complicated history, familiarity with which is presumed, arising out of Chemical Bank's quest to collect on a personal guaranty executed by Jeanne Marie Dana (*see Chemical Bank v. Dana*, No. 99–7524, 2001 WL 99814 (2d Cir.2001)).

Chemical Bank filed this action on June 11, 1992 seeking to collect on the guaranty. Because prior legal proceedings against Dana did not enable Chemical to recover the full amount due on the note, Chemical also sought a prejudgment attachment on property Dana owned in Westport, Connecticut. On June 30, 1992, the District Court (José A. Cabranes, *Judge*), upon a finding of probable cause, awarded Chemical a prejudgment attachment on the property. After the District Court removed a prior injunction on July 17, 1992, Dana conveyed the Westport property to Connaught for no consideration by a quitclaim deed. The District Court (Holly B. Fitzsimmons, *Magistrate Judge*) found that before she conveyed the property, Dana was on notice that Chemical would seek an upward modification of the first attachment to secure the interest that was accruing on her debt to Chemical. On July 18, 1994, Miller, the prior trustee for the Connaught bankruptcy estate, granted a mortgage in favor of Penderyn, Ltd. in the amount of $380,000. On August 12, 1994, the District Court granted Chemical's motion for a second attachment on the Westport property to account for interest of approximately $114,000 that had accrued on Dana's debt since the filing of the first attachment. On September 12, 1994 Chemical filed its third amended complaint adding Connaught as a defendant and an allegation that Dana had fraudulently conveyed, as defined under Connecticut law, the Westport property to Connaught.

On September 23, 1994, Connaught filed for reorganization under the Bankruptcy Code, 11 U.S.C. § 301 (1993). The Westport property was sold with the approval of the Bankruptcy Court and the trustee indicated to the District Court that "the Bankruptcy Estate has satisfied all valid encumbrances senior in right to the First Attachment [the June 30th attachment]." The District Court severed the trial, which then proceeded against Dana alone. The remaining action against Coan was resolved by the District Court's order grant-

ing Chemical's motion for summary judgment as to the fraudulent conveyance claim, granting its motion to recover on its second attachment, and denying Coan's cross-motion in opposition. Finding that Dana fraudulently conveyed the Westport property to Connaught, the District Court avoided the transfer.

On appeal, Coan contends that the District Court erroneously found that the Westport property was impressed with a constructive trust and that, even if that ruling were correct, the trustee's claims to the proceeds of the sale of the property should be superior to Chemical's.

### 1. Imposition of Constructive Trust [1]

▮ In its ruling on the cross-motions for summary judgment, the District Court found that Dana fraudulently transferred the Westport property to Connaught within the meaning of Connecticut's Uniform Fraudulent Transfer Act, Conn.Gen.Stat. Ann. § 52–552f(a) (West Supp.2000).[2] As a remedy, the District Court avoided the fraudulent transfer pursuant to Conn.Gen. Stat.Ann. § 52–552h(a)(1) (West Supp. 2000), treating the conveyance as though it never occurred. Although not disagreeing that this was a fraudulent conveyance, Coan challenges the District Court's decision to impose a constructive trust where, he claims, the "record herein reveals that Connaught engaged in no wrongful or unconscionable conduct and was not unjustly enriched." Coan also argues that because Chemical allegedly failed to record its first

attachment properly, it cannot now correct that failure through the imposition of a constructive trust.

Coan, however, ignores the fact that avoiding the transfer and impressing a constructive trust on the transferee is a remedy specifically provided for by statute. See Conn.Gen.Stat.Ann. § 52–552(h) (West Supp.2000); see also In re M & L Bus. Mach. Co., 59 F.3d 1078, 1081 (10th Cir.1995) (recipient of property obtained by fraud "does not actually acquire title to it."); Murphy v. Dantowitz, 142 Conn. 320, 114 A.2d 194, 197 (Conn.1955) (under Connecticut common law, "[p]roperty fraudulently conveyed may, as to the creditors of the grantor, be treated as if no conveyance of it had been made, if proper legal proceedings are taken to appropriate it to the satisfaction of the grantor's debts."); Wendell Corp. Tr. v. Thurston, 239 Conn. 109, 680 A.2d 1314, 1318 (1996) (one remedy for fraudulent conveyance is imposition of constructive trust). Coan also ignores the findings adopted by the District Court, and not challenged here, that Dana owns and controls Connaught, and that Dana transferred the property after she was on notice by the court that Chemical would seek an upward modification of the first attachment. Coan, therefore, has failed to demonstrate that the District Court's decision should be overturned.

### 2. The Perfection of the First Attachment

▮ Rather than filing an attachment order signed by a sheriff, as required by

---

[1]. The parties disagreed as to whether the proper standard of review for imposition of a constructive trust was *de novo* or abuse of discretion. We need not reach that issue here, however, as under either standard the constructive trust was properly imposed.

[2]. The statute provides that a "transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was

made if the debtor made the transfer without receiving a reasonably equivalent value in the exchange for the transfer and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer." The District Court found that Chemical's claim arose before the transfer, that Connaught paid no consideration for the transfer, and that Dana was insolvent at the time of the transfer.

statute, Chemical filed the attachment order signed by Judge Cabranes. The District Court rejected a motion for reconsideration by Dana arguing the attachment was therefore void, noting that the attachment would at most be voidable at the instance of any other creditor or bona fide purchaser and Dana failed to qualify as either. In its motion for summary judgment, Coan asserted a similar argument. The District Court rejected it, applying the law of the case. Regardless of whether law of the case applies in this instance, the attachment filed was sufficient under Connecticut law to provide constructive notice of the attachment. Under Connecticut law, a court will invalidate a voidable attachment only when the defects are material or consequential. *See Beers v. Westport Bank and Trust Co.*, 50 Conn.App. 671, 719 A.2d 58, *cert. denied*, 247 Conn. 940, 723 A.2d 317 (1998) (noting that the procedural protections requiring a finding of probable cause before attachment lessened the need for strict compliance with the statute; although the attachment listed the incorrect court to which it was returnable, it provided sufficient notice of the attachment); *Joseph v. Donovan*, 114 Conn. 79, 157 A. 638, 639 (Conn.1931) (holding that the defect, listing the wrong

court from which the attachment issued, was too inconsequential to merit invalidating the attachment); *cf. Connecticut Nat'l Bank v. Lorenzato*, 221 Conn. 77, 602 A.2d 959, 962 (Conn.1992) (imperfectly recorded deed affords constructive notice to subsequent third party creditors to the extent that the mortgage contains sufficient information to put a title searcher on inquiry). The attachment filed here clearly indicated the property to be attached, the amount of the attachment, the name of the defendant property owner, and the court from which the attachment order issued. Thus, because the first attachment is valid, Chemical's interest in the Westport property has priority over the bankruptcy trustee, *see In re Euro–Swiss Int'l Corp.*, 33 B.R. 872, 881 (Bankr.S.D.N.Y.1983) ("Congress did not intend to shield the Trustee under § 54(a)(3) from the effect of constructive notice."), as Coan implicitly concedes in his brief.

3. Priority of Interests in the Proceeds of the Wesport Property

■ Coan next claims that under his strong-arm powers, 11 U.S.C. § 544 (1993),[3] a bankruptcy trustee may avoid a constructive trust claim if a bona fide purchaser has priority over such a claim.[4]

---

**3.** Section 544 provides,

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of

the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

**4.** On the bankruptcy petition date (when the trustee's bona fide purchaser status arose), Coan claimed to not have constructive notice of Chemical's claims to a constructive trust. Chemical's third amended complaint, alleging

■ Once a constructive trust is imposed, the property held in trust is not considered "property" of the bankruptcy estate. *See In re Koreag Controle et Revision S.A.,* 961 F.2d 341, 352 (2d Cir.1992) ("A constructive trust, therefore, confers on the true owner of the property an equitable interest in the property superior to the trustee's") (internal quotation marks and citation omitted); *In re Howard's Appliance Corp.,* 874 F.2d 88, 93 (2d Cir. 1989); *see also Begier v. Internal Rev. Serv.,* 496 U.S. 53, 59, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990). Further, a constructive trust is thought to spring into operation at the time of the events giving rise to the duty to reconvey the property. *See Curtis Mfg. Co. v. Plasti–Clip Corp.,* 933 F.Supp. 94, 106 (D.N.H.1995); *In re Atlantic Mortgage Corp.,* 69 B.R. 321, 330 (Bankr.E.D.Mich.1987); *Murphy,* 114 A.2d at 197. Therefore, the District Court correctly found that Chemical's rights are superior to those of the trustee.

4. Chemical's Second Attachment was not a Preference under 11 U.S.C. § 547

■ The District Court correctly held that Chemical's second attachment on the Westport property was not a preference under 11 U.S.C. § 547 (1993).[5] First, the attachment related only to Dana's interest, not Connaught's. Second, because the District Court correctly found that Dana had fraudulently conveyed the property to

Connaught and avoided the transfer, thereby imposing a constructive trust, the bare legal title Connaught held is not considered "property" of the bankruptcy estate as discussed above.

5. Chemical's Second Attachment is Superior to the Trustee's Penderyn Mortgage

■ Coan lastly argues that even if the first attachment is valid, the trustee is entitled to a distribution representing the value of the Penderyn mortgage before the distribution of the second attachment to Chemical. The Penderyn mortgage occurred before Chemical initiated its fraudulent conveyance claim and before Chemical obtained the second attachment. Although the trustee avoided the Penderyn mortgage, it still exists as a valid encumberance for the benefit of the bankruptcy estate. *See* 11 U.S.C. § 551 (1993). The District Court ruled that it declined "to find that the Trustee, after avoiding the mortgage under section 547(b), can now use the existence of that mortgage to benefit the Connaught Bankruptcy Estate."

Coan argues that the District Court ignored the specific mandate of the Connecticut Uniform Fraudulent Transfer Act as applied to a good-faith transferee, to whom, as the bankruptcy trustee, he is equivalent pursuant to 11 U.S.C. § 544(a)(3). *See* Conn.Gen.Stat.Ann.

---

fraudulent conveyance and adding Connaught as a defendant was filed on September 12, 1994, before the filing of the bankruptcy petition. A common remedy for a fraudulent conveyance, and the remedy Chemical requested, is to avoid the transfer. Thus, Coan may be deemed to have had constructive notice of Chemical's claims.

5. Section 547(b) states in relevant part:
the trustee may avoid any transfer of an interest of the debtor in property—

(2) to or for the benefit of a creditor;
(3) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(4) made while the debtor was insolvent;
(5) made
  (B) on or within 90 days before the date of the filing of the petition and
  (5) that enables such creditor to receive more than such creditor would receive if—
  (B) the transfer had not been made.

§ 52–521(d) (West Supp.2000) ("Notwithstanding the voidability of a transfer or an obligation under sections 52–552a to 52–552l, inclusive, a good-faith transferee is entitled, to the extent of the value given the debtor for the transfer, to (1) a lien on or a right to retain any interest in the asset transferred; (2) enforcement of any obligation incurred; or (3) a reduction in the amount of the liability on the judgment."). Because Chemical could not recover directly against Penderyn under Connecticut law, Coan argues, it may not do so indirectly. *See in re Gary James Preston,* 76 B.R. 654, 659 (Bankr.C.D.Ill. 1987) ("If a mechanic's lien claimant cannot directly recover from a bona fide transferee, he should not be able to indirectly recover by claiming the proceeds of the trustee's successful preference action.")

 Chemical correctly responds that because Connaught possessed only bare legal title in the Westport property, it is not properly part of the bankruptcy estate. *See* 11 U.S.C. § 551 (1993) ("[a]ny transfer avoided under section ... 547 ... of this title ... is preserved for the benefit of the estate but only with respect to property of the estate."). Regardless of the interest of the Penderyn mortgage under state law, the trustee cannot assert that interest against property that is not part of the bankruptcy estate. *See, e.g., In re Mark Benskin & Co.,* 161 B.R. 644, 655 (Bankr. W.D.Tenn.1993) ("if a perpetuated trust res did exist in [the intervening creditor's] favor, the justification could not be made, as the trust property would never have become property of the bankruptcy estate"); *see also* 124 Cong. Rec. H. 11089 (daily ed. Sept. 28, 1978) (statement of Rep. Edwards), *reprinted in* 1978 U.S.C.C.A.N. 6436, 6458 ("The section is clarified to indicate that a transfer avoided or a lien that is void is preserved for the benefit of the estate, but only with respect to property of the estate. This prevents the trustee from asserting an avoided tax lien against after acquired property of the debtor.").

For the reasons stated above, we AFFIRM the judgment of the District Court.